# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| vs. | : | Case No. CR2-11-CR-131 |
| DAVID P. CRAIL, | : | JUDGE ALGENON MARBLEY |
| Defendant. | : | |

## REVISED SCHEDULING ORDER

This matter is before the Court on the Government's Motion to Continue Response Date and Trial Date. (Doc. 10.) The trial was set for May 14, 2012, but on April 5, 2012, Defendant David P. Crail filed a Motion to Suppress. (Doc. 8, 9.) The Government states that it is in the process of obtaining the information necessary to respond to Defendant's Motion to Suppress, but an agent who was present at the time of the search has been unavailable. Defendant has indicated that he does not oppose the Motion to Continue.

Under the Supreme Court's precedent in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), this Court must consider a four-part balancing test which assesses the "length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant" to determine whether a post-indictment delay violates the Speedy Trial Clause. The length of the delay here, a little over a month, is justified in light of the reason for the delay, which is to allow the parties to fully brief the Motion to Suppress and this Court to rule on that Motion. Moreover, the Defendant's rights under the Speedy Trial Act were tolled upon filing of the Motion to Suppress. 18 U.S.C. § 3161(h)(1)(D). The Defendant asserts his Fourth Amendment rights in the Motion to Suppress, and, therefore, providing the parties with the opportunity to fully brief

the Motion to Suppress, and then, depending on this Court's ruling, engage in settlement discussions thereafter, results in little to no prejudice to the Defendant. The *Barker* balancing test weighs in favor of continuing the trial.

For the reasons stated herein, the Government's Motion to Continue is **GRANTED.** The Court hereby establishes the following schedule which will govern the course of this case through trial.

## I. TRIAL DATE

This case is reset for trial on **Monday, June 25, 2012 at 9:00 a.m.**

## II. MOTIONS

All motions of any kind, by the defendant or by the government, shall be filed on or before **May 11, 2012.** All briefs opposing said motions shall be filed on or before **May 21, 2012**. Reply briefs will not be filed. Upon the filing of any motion, the movant shall state therein whether an evidentiary hearing is required and the reasons therefor. If the Court agrees, a hearing will be set forthwith.

## III. PLEA NEGOTIATIONS AND PLEA AGREEMENT

Plea agreement discussions between the Assistant U.S. Attorney and the attorney for the defendant, pursuant to Rule 11(E), Federal Rules of Criminal Procedure, shall be commenced as soon as practicable. If a plea agreement is reached, notice thereof shall be given to the Court forthwith and a change of plea will be scheduled. Counsel are instructed to comply with District Order 815 dealing with pleas of guilty offered pursuant to a plea agreement, and pleas of guilty offered in the absence of a plea agreement.

## IV. MOTION FOR CONTINUANCE

Any motion for a change of the trial date shall be in writing and shall be made at least ten days prior to the scheduled trial date and set forth those factors listed in Title 18 U.S.C. § 3161(h)(8)(B), which the movant contends support the motion.

## V.  PRETRIAL

This matter is set for a Final Pretrial Conference on **Friday, June 15, 2012, at 2:30 p.m.** Counsel shall be prepared to discuss the following matters:

(A)  Motions In Limine

(B)  Stipulations

(C)  Contested Legal Issues

(D)  Length of Trial

(E)  Voir Dire

    (1)  Procedure

    (2)  Number of Alternates

(F)  Need for Audio-Visual Equipment or Other Special Equipment

(G)  Jury Instructions

(H)  Miscellaneous Issues

## VII.  TRIAL PROCEDURES

Counsel are instructed to review thoroughly the attached trial procedures, fully incorporated into this Order, which set out the procedures to be followed at trial. The Order further notes that the following items must be filed with the Court on or before **June 8, 2012**:

(A)  Motions In Limine

(B)  Proposed Jury Instructions

(C) Stipulations

(D) List of Exhibits

Parties are reminded that all deadlines set forth in this Order are firm. The parties **SHALL** file or submit to the Court's chambers all required documents by the dates set forth in this order unless prior approval of the Court for filing on a later date has been obtained from the Court.

Parties are also reminded that the use of mobile devices, including but not limited to text messaging and emailing, during status conferences before the Court is strictly prohibited.

        s/Algenon L. Marbley  
**ALGENON L. MARBLEY**  
**United States District Judge**

**DATED: May 3, 2012**